**O**

**JS-6**

cc: order, docket, remand letter to
Los Angeles County Superior Court, Northwest
Divison, Van Nuys, No. 11 B 06214

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| U.S. Bank National Association, successor in interest to Federal Deposit Insurance Corporation as receiver for Downey Savings and Loan Association, F.A.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Tim Middleton; Tammy Middleton; Tim Middleton, Jr.; and Does 1–10,<br><br>　　　　Defendants. | Case No. CV 11-10547-ODW (FMOx)<br><br>Order **REMANDING** Case to Los Angeles County Superior Court |

　　　The Court is in receipt of Defendants Tim Middleton, Tammy Middleton, and Tim Middleton, Jr.'s ("Defendants") Notice of Removal. Having carefully considered the papers filed in conjunction with the Notice, however, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

　　　"Any civil action brought in a [s]tate court of which the district courts . . . have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . embracing the place where such action is pending . . . ." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham*

1  *v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles,*
2  *Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).  Here, Defendants claim that this Court has
3  subject matter jurisdiction over the case pursuant to 28 U.S.C. §1331.  (Dkt. No. 1.)

4  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Thus, the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law. It is settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) (citations omitted); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tru*st, 463 U.S. 1, 10 (1983) (an actual or anticipated federal defense is not sufficient to confer jurisdiction).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c).  "Because the 'removal statutes are strictly construed against removal,' doubts about removal must be resolved in favor of remand." *Dodd v. John Hancock Mut. Life Ins. Co.,* 688 F. Supp. 564, 566 (E.D. Cal. 1988) (quoting *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

With regards to Defendants' argument that the Court has jurisdiction over this case pursuant to § 1331, "because this is an unlawful detainer action, a federal question does not present itself." *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Federal Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.

Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Additionally, the Complaint does not allege any other federal question, and any federal defense raised by Defendant is irrelevant with regard to jurisdiction. Therefore, the Court does not have jurisdiction over this case under § 1331.

In light of the foregoing, the Court hereby **REMANDS** this case to the Los Angeles County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 17, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE